UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
| TERRENCE LEWIS, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 17-cv-02448 |
| | : | |
| LAUREL R. HARRY, *Superintendent*; | : | |
| THE DISTRICT ATTORNEY OF THE | : | |
| COUNTY OF PHILADELPHIA, and | : | |
| THE ATTORNEY GENERAL OF THE | : | |
| STATE OF PENNSYLVANIA, | : | |
| Respondents. | : | |

**O P I N I O N**

**Petition for Writ of Habeas Corpus, ECF No. 1—Dismissed**
**Report and Recommendation, ECF No. 13—Approved and Adopted**

**Joseph F. Leeson, Jr.**                                                                                          **March 18, 2019**
**United States District Judge**

## I. INTRODUCTION

Petitioner Terrence Lewis filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Philadelphia Court of Common Pleas for one count of possession with intent to deliver a controlled substance. Magistrate Judge Richard A. Lloret issued a Report and Recommendation ("R&R") recommending that Petitioner's petition for a writ of habeas corpus be dismissed with prejudice as untimely. Petitioner filed an objection to the R&R. After de novo review, this Court overrules the objection, adopts the R&R, and dismisses the habeas petition.

## II. LEGAL STANDARD

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

This Court adopts the R&R issued by Judge Lloret and writes separately to address Petitioner's objection. Petitioner does not object to any specific portion of Judge Lloret's R&R. Instead of arguing against any specific portion or the R&R, Petitioner contends that an evidentiary hearing should be held pursuant to 28 U.S.C. § 2254(e)(2) so that he may demonstrate why equitable tolling is appropriate. Petitioner cites a number of decisions from the United States Supreme Court in support of this argument.

Section 2254(e)(2) limits the availability of evidentiary hearings on habeas corpus review. For a court to hold an evidentiary hearing, the petitioner must show that his claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28

U.S.C. § 2254(e)(2). Neither here nor before Judge Lloret did Petitioner allege or show that his claim relies (1) on a new rule of constitutional law or (2) on a factual predicate that could not have been previously discovered through the exercise of due diligence. For this reason, the Court overrules this objection.

Petitioner also asserts that equitable tolling is appropriate. He cites several decisions from the United States Supreme Court in support of this argument. *See* Obj. 1–2, ECF No. 15 (citing *Lawrence v. Florida*, 549 U.S. 327 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). However, as with Petitioner's previous filings, as Judge Lloret noted in his R&R, Petitioner does not explain in his objection why the Court should consider his petition timely or allege any extraordinary circumstances that prevented him from timely filing his habeas petition. Petitioner simply discusses the standards for equitable tolling and describes why he was untimely. Petitioner attributes his untimely filing to a "[b]reakdown in the process" because the state court failed to notify him of its decision denying relief on October 18, 2016. In support of this he attaches a portion of the Philadelphia Court of Common Pleas Docket Sheet which shows the Pennsylvania Supreme Court's denial of his request for discretionary review on October 18, 2016 and two Appeal Docket Sheets dated May 20, 2016, and June 15, 2016.[1] Obj. 4–14, ECF No. 15. However, these documents do not show anything more than the status of Petitioner's underlying PCRA petition at specific points in time and do not support his conclusory assertion that extraordinary circumstances that prevented him from timely filing. After a de novo review

---

[1] It is not clear how the Appeal Docket Sheets dated May 20, 2016, and June 15, 2016, would affect the Court's analysis or support Petitioner's argument that a breakdown in the state court's processes led to an untimely filing. Neither of these Docket Sheets would have indicated the Pennsylvania Supreme Court's denial because they are dated before the denial was issued.

of Judge Lloret's analysis, the Court agrees that Lewis' petition was untimely filed and no grounds for equitable tolling exist. For this reason, the Court overrules this objection.

## IV. CONCLUSION

After applying de novo review, this Court concludes that Judge Lloret correctly determined that the petition for writ of habeas corpus is time-barred. This Court therefore adopts the recommendation to dismiss the habeas petition and concludes that there is no basis for the issuance of a certificate of appealability because jurists of reason would not find it debatable that the procedural ruling is incorrect. A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge